UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY O'NEAL BROWN,<br><br>                Plaintiff,<br><br>        v.<br><br>JEFFREY BROWN, et al.,<br><br>                Defendants. | Case No.: 1:14-cv-01184-LJO-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE CONSENT TO MAGISTRATE JUDGE<br>(ECF No. 20) |

      Plaintiff Rodney O'Neal Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on July 29, 2014.  On August 14, 2014, Plaintiff filed a motion to amend his pleading.  (ECF No. 5.)  On August 18, 2014, the Court denied the motion to amend as unnecessary because Plaintiff was entitled to amend his complaint as a matter of right and without the need for a court order.  (ECF No. No. 7.)  On October 1, 2014, Plaintiff filed a motion to amend his complaint to reflect the true names of defendants.  (ECF No. 9.)  On October 2, 2014, the Court again denied the motion to amend as unnecessary because Plaintiff was entitled to amend his complaint without the need for a court order.  (ECF No. 15.)  On February 2, 2015, Plaintiff filed a first amended complaint.  (ECF No. 18.)

      On February 25, 2015, Plaintiff filed a notice of intent to lodge a complaint with the Judiciary Committee against the undersigned.  (ECF No. 19.)  On March 11, 2015, Plaintiff filed the instant

1

motion entitled "Notice of Motion and A Motion to Vacate Plaintiff Consent to Magistrate Being Appointed and Notice to Recuse with Request to Take Judicial Notice to Complaints of Judicial Misconduct." (ECF No. 20.) By the motion, Plaintiff to seeks to vacate his consent to the undersigned Magistrate Judge due to the failure to screen his complaint in "over 9 months." (Id., p. 1.) He also seeks recusal of the undersigned. Plaintiff contends that the failure to screen his complaint has denied him access to the courts and resulted in injury.

Plaintiff's complaints about the delay in screening lack merit. As reflected on the docket, Plaintiff filed two motions to amend his complaint. The first motion was filed on August 14, 2014, less than one month after he initiated this action. The Court addressed the motion the following day and informed Plaintiff of his entitlement to amend without leave of court. (ECF Nos. 6, 7.) Plaintiff did not file an amended complaint. Rather, less than eight weeks later, Plaintiff filed a second motion to amend his complaint on October 1, 2014. Again, the Court addressed the motion the following day, reiterating that Plaintiff was entitled to amend his complaint without leave of court. (ECF Nos. 16, 15.) Four months later, on February 2, 2015, Plaintiff filed his amended complaint. As this filing occurred approximately six weeks ago, the Court has not unreasonably delayed screening of the complaint for nine months. Furthermore, Plaintiff is informed that the Eastern District of California maintains one of the heaviest caseloads in the nation, and many of those cases are civil rights complaints filed by prisoners proceeding pro se that require screening. This may result in some delay in individual matters. Plaintiff's amended complaint will be screened in due course.

Plaintiff's request to withdraw consent also lacks merit. Plaintiff has not consented to the jurisdiction of the undersigned Magistrate Judge. In fact, on September 29, 2014, Plaintiff filed his decline of jurisdiction of a United States Magistrate Judge and request for reassignment to a United States District Judge. (ECF No. 13.) Thereafter, this case was assigned to United States District Judge Lawrence J. O'Neill and the undersigned. (ECF No. 14.) If a party declines Magistrate Judge jurisdiction, as Plaintiff did in this case, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of the case to a Magistrate Judge for non-dispositive matters, including

screening orders, and for the issuance of Findings and Recommendations on dispositive motions. 28 U.S.C. § 636(b)(1); Local Rule 302.

As a final matter, Plaintiff's request for recusal of the undersigned is not warranted. Disqualification is required if a judge's impartiality might reasonably be questioned, or if the judge has a personal bias or prejudice for or against a party. *Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1988) (citing 28 U.S.C. §§ 455(a), 455(b)(1)), aff'd, 496 U.S. 543, 110 S.Ct. 2535 (1990).[1] "The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings." *Id.* (citing *In re Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984)). Plaintiff's dissatisfaction with any perceived delay in screening this matter does not constitute a valid basis for a bias or partiality motion. *See, e.g., In re Focus Media, Inc.*, 378 F.3d 916, 930 (9th Cir. 2004) (judicial rulings alone almost never constitute a valid basis for a bias or partiality motion) (citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)).

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to vacate consent to the Magistrate Judge, filed on March 11, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   **March 16, 2015**          /s/ *Barbara A. McAuliffe*          
                                UNITED STATES MAGISTRATE JUDGE

---

[1] Recusal also is required for personal bias or prejudice under 28 U.S.C. § 144. However, this section requires the filing of an affidavit alleging such bias. As no affidavit was filed, section 144 is not applicable. *Hasbrouck*, 842 F.2d at 1045, n. 9.

3