1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                           **EASTERN DISTRICT OF CALIFORNIA**

10

11  RODNEY O'NEAL BROWN,                    )   Case No.: 1:14-cv-01184-LJO-BAM (PC)
                                            )
12              Plaintiff,                  )   SCREENING ORDER DISMISSING FIRST
                                            )   AMENDED COMPLAINT AND GRANTING
13      v.                                  )   LEAVE TO AMEND
                                            )   (ECF No. 18)
14  JEFFERY BROWN, et al.,                  )
                                            )
15              Defendants.                 )   THIRTY-DAY DEADLINE
                                            )
16                                          )
                                            )
17  _____    )

18  **I.      Screening Requirement and Standard**

19          Plaintiff Rodney Brown ("Plaintiff") is a state prisoner proceeding pro se and in forma

20  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's first amended complaint,

    filed on February 2, 2015, is currently before the Court for screening.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

23  1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

24  malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

25  from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

26  1915(e)(2)(B)(ii).

27          A complaint must contain "a short and plain statement of the claim showing that the pleader is

28  entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

                                               1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the Substance Abuse Treatment Facility in Corcoran, California. Plaintiff brings suit against more than 25 defendants, including the California Department of Corrections and Rehabilitation ("CDCR"), Governor Edmund G. Brown, Attorney General K. Harris, court-appointed receiver J. Clark Kelso and employees of North Kern State Prison. Plaintiff's complaint exceeds thirty-five pages of handwritten allegations regarding events at Wasco State Prison, North Kern State Prison and the California Substance Abuse and Treatment Facility. Plaintiff's complaint contains causes of action for deliberate indifference to serious medical needs in violation of the Eighth Amendment, violations of the Due Process Clause of the Fourteenth Amendment, failure to protect him from harm at the hands of another inmate in violation of the Eighth Amendment, violation of California Civil Code § 52.1, violations of the California Constitution, violation of the Americans with Disabilities Act, and violation of the Eighth and Fourteenth Amendments by subjecting him to prison overcrowding and a cruel and unusual punishment healthcare system.

Plaintiff seeks compensatory damages, along with declaratory and injunctive relief.

///

2

### III.   Deficiencies of Complaint

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18.  As he is proceeding pro se, Plaintiff will be given leave to amend to cure these deficiencies.  To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims.  If Plaintiff elects to amend his complaint, he should amend only those claims that he believes, in good faith, state a cognizable claim for relief.

#### A.  Pleading Standards

##### 1.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is not a short and plain statement of his claims.  Plaintiff's complaint is thirty-five pages in length and involves more than 25 different defendants in unrelated claims.  Throughout the complaint, Plaintiff refers to "defendants" without identifying the person to whom he refers.  As a practical matter, Plaintiff's complaint is disjointed, confusing and lacks basic facts, including what happened and who was involved.  Plaintiff will be given leave to cure these deficiencies.

##### 2.   Federal Rule of Civil Procedure 18

Federal Rule of Civil Procedure 18 states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort

of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U .S.C. § 1915(g)).

Here, Plaintiff attempts to bring suit against multiple defendants for different incidents at different times and different institutions. For example, Plaintiff complains about the conditions of confinement upon his transfer to CDCR custody at Wasco State Prison, while simultaneously complaining about the failure to protect him from harm at the hands of another inmate at North Kern State Prison.  If Plaintiff chooses to file an amended complaint and it fails to comply with Rule 18(a), all unrelated claims will be subject to dismissal.  At this juncture, the Court will not sift through Plaintiff's lengthy to complaint to find a cognizable claim to proceed upon in this action.

### 3.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff variously lumps defendants together in certain of his allegations.  If Plaintiff elects to amend his complaint, he may not generally refer to defendants, but must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

///

4

#### 4.   Eleventh Amendment Immunity-CDCR

To the extent Plaintiff seeks to pursue section 1983 claims against CDCR as a defendant he may not do so.  The Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065–66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson, 616 F.3d at 1066, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n. 1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against CDCR.

#### 5.   Official Capacity Claims and Damages

To the extent Plaintiff seeks to bring claims against certain defendants in their official capacities for monetary damages, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).

#### 6.   Doe Defendants

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the John Does.

#### 7.   Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc).  "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citation and quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory

liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

**B. Legal Standards**

**1. Eighth Amendment-Medical Care**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105 06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence

is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).  Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### 2.  Eighth Amendment-Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer, 511 U.S. at 832–33 (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse, Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005), and the failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff, e.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

### 3.  Conspiracy

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir.2006) (quoting Woodrum v. Woodward County, Oklahoma, 20 866 F.2d 1121, 1126 (9th Cir.1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

### 4.  Due Process Claims

Plaintiff intersperses his complaint with assertions that his due process rights were violated.  In connection with certain of these assertions, it appears that Plaintiff's due process claims arise from the alleged violation of certain underlying constitutional violations, such as a violation of the Eighth

Amendment.  Plaintiff cannot state a due process claim premised on the violation of underlying constitutional claims.

To the extent Plaintiff asserts dues process claims premised on the violation of certain prison regulations, he cannot do so.  Although prison regulations may create liberty interests protected by a prisoner's right to due process, those interests are limited to "freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

### 5.  Grievance/Appeals Process

To the extent Plaintiff complains about the processing of his inmate complaints, Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988 ). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993 ).

### 6.  Americans with Disabilities Act

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132. Title II applies to the services, programs, and activities provided for inmates by jails and prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); Simmons, 609 F.3d at 1021-22; Pierce v. Cnty. of Orange, 526 F.3d 1190, 1214-15 (9th Cir. 2008).  "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); accord Simmons, 609 F.3d at 1021; McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff's complaint does not set forth any facts supporting a claim that he was excluded from or discriminated against with regard to services, programs, or activities by reason of his disability.

Rather, the underlying allegations appear related solely to the medical care Plaintiff was provided, and the treatment, or lack of treatment, concerning Plaintiff's medical conditions does not provide a basis upon which to impose liability under the ADA.  Simmons, 609 F.3d at 1022 (ADA prohibits discrimination because of disability, not inadequate treatment for disability).  Additionally, individual capacity suits against individual prison employees in their personal capacities are precluded under the ADA.  E.g., Heinke v. Cnty. of Tehama Sheriff's Dept., 2013 WL 3992407, at *7 (E.D. Cal. Aug. 1, 2013); White v. Smyers, 2012 WL 6518064, at *6 (E.D. Cal. Dec. 13, 2012); Mosier v. California Dep't of Corr. & Rehab., 2012 WL 2577524, at *8 (E.D. Cal. Jul. 3, 2012).

### 7.   Remedial Orders in Other Actions

In his complaint, Plaintiff refers to the remedial plans in Brown v. Plata, Armstrong v. Brown, Clark v. California, Coleman v. Brown and Plata v. Brown.

To the extent that Plaintiff is attempting to base a claim on alleged violations of any order or remedial plan in the above-mentioned cases, such violations do not provide an independent basis for damages in this action.  See Cagle v. Sutherland, 334 F.3d 980, 986-87 (9th Cir. 2003) (consent decrees often go beyond constitutional minimum requirements, and do not create or expand rights); Green v. McKaskle, 788 F.2d 1116, 1123 (5th Cir. 1986) (remedial decrees remedy constitutional violations but do not create or enlarge constitutional rights).  "[R]emedial orders ... do not create 'rights, privileges or immunities secured by the Constitution and laws' of the United States." Hart v. Cambra, 1997 WL 564059, *5 (N.D. Cal. Aug. 22, 1997 ) (quoting Green, 788 F.2d at 1123–24).  Plaintiff may not state a section 1983 claim based on the failure to comply with any remedial plan or consent decree.

### 8.   California Civil Code § 52.1

California Civil Code section 52.1, known as the Bane Act, authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." Jones v. Kmart Corp., 17 Cal.4th 329, 331, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998).  A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." Id.

at 334, 70 Cal.Rptr.2d 844, 949 P.2d 941.  Plaintiff has not asserted any facts supporting the existence of a Bane Act claim.

### 9.  Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431, 68 S.Ct. 641, 92 L.Ed. 784 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir.1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### 10. Injunctive Relief

To the extent Plaintiff seeks injunctive relief regarding his conditions of confinement at Wasco State Prison or North Kern State Prison, this request is moot. Plaintiff has been transferred to Corcoran State Prison.  A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir. 1991) (per curiam). There is no indication that Plaintiff expects to be transferred back to Wasco State Prison or North Kern State Prison. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

### IV.    Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and 18.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

10

[sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff's complaint must comply with the joinder requirements of Rule 18, and any amended complaint that meets such requirements should not exceed twenty-five pages.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.	The Clerk's Office shall send Plaintiff a complaint form;

2.	Plaintiff's first amended complaint is dismissed with leave to amend;

3.	Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint. Plaintiff's amended complaint may not exceed twenty-five (25) pages; and

4.	If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **May 18, 2015**          /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE